UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>LORRI ANN RODGERS,<br>a/k/a Lorri Lee Colton<br><br>　　　　　　Defendant. | 4:18-CR-40133-01-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

　　Defendant, Lorri Ann Rodgers, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 50. Plaintiff, the United States of America, opposes the motion. Docket 62. For the following reasons, the court denies defendant's motion for compassionate release.

### BACKGROUND

　　On May 8, 2019, Rodgers pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 28, 32. On July 26, 2019, the court sentenced Rodgers to 72 months in custody and four years of supervised release. Docket 47; Docket 48 at 2-3. On September 24, 2020, the court reduced Rodgers's sentence to 36 months in custody followed by four years of supervised release. Docket 54 at 2-3.

　　Rodgers is incarcerated at Federal Correctional Institution Greenville (FCI Greenville), a medium security facility with an adjacent minimum-security camp, in Greenville, Illinois. Docket 55 at 39; Docket 61 at 2. The total population at FCI Greenville is 1,224 persons. Fed. Bureau of Prisons,

https://www.bop.gov/locations/institutions/gre/ (last visited Dec. 23, 2020) As of December 30, 2020, there are currently 26 active COVID-19 cases among FCI Greenville's inmates and staff, 0 deaths from COVID-19, and 695 inmates and staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited on Dec. 30, 2020).

Rodgers is 60 years old. Docket 50 at 1. Rodgers alleges she has various health conditions including Hepatitis C. *Id.* After a routine mammogram, a mass was found on her breast. *Id.* While undergoing a hysterectomy procedure, an abnormality was found on Rogers' adrenal gland and additional surgery was required. *Id.* In addition, a heart malfunction was discovered within the same procedure. *Id.* Rodgers has a son who is 37 years old and suffers from cerebral palsy, scoliosis, and vascular necrosis, and she intends to be his primary caretaker if released. *Id.;* Docket 61 at 2.

On September 15, 2020, Rodgers completed a Reduction in Sentence Application, requesting she be considered for home confinement due to COVID-19. Docket 60 at 1. On September 23, 2020, the warden denied Rodger's request. *Id.* at 3. On August 10, 2020, Rodgers filed a pro se motion with the court for relief under the First Step Act. Docket 50.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-

2

391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the safety of others." USSG § 1B1.13(1)-(2) (Nov. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Rodgers argues that the global COVID-19 crisis, her health conditions, and her son's medical condition and need for a caregiver satisfy the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 50; Docket 61. Rodgers requests a sentence of time served. Docket 50.

I.   **Administrative Exhaustion**

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate

3

release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Rodgers submitted an administrative request for compassionate release due to COVID-19 on September 15, 2020. Docket 60 at 1. The warden denied the request on September 23, 2020. *Id.* at 3. Having presented her request to the warden and being denied, and hearing no objection from the United States, the court will presume Rodgers has satisfied the administrative exhaustion requirement and review the matter on the merits.[1]

## II.    **Extraordinary and Compelling Reasons**

Though section 3582(c)(1)(A)(i) provides for compassionate release upon a showing of "extraordinary and compelling reasons," Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion "the criteria to be applied and a list of specific examples." *Id.* As directed, the Sentencing Commission did so by limiting "extraordinary and compelling reasons" to four scenarios. USSG § 1B1.13, comment. n.1(A)-(C). The four scenarios pertain to a

---

[1] The warden's response states that if Rodgers is not satisfied with the decision, she may commence an appeal through the administrative remedy process within twenty days of the response. Docket 60 at 3. There is no indication that Rodgers appealed the decision administratively.

4

defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* A fifth catch-all category also exists for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. USSG § 1B1.13, comment. n.1(D).

The Sentencing Commission's guidance in § 1B1.13 was provided prior to the passage of the FSA amending section 3582(c)(1)(A) and has not been updated because the commission lacks a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the previous policy statement still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear Congress intended to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement.

5

Because the FSA changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Rodgers contends that her medical conditions, which allegedly put her at high-risk of severe illness if she contracts COVID-19, and her son's debilitating health conditions satisfy the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Though Rodgers did not specifically address the categories of "extraordinary and compelling reasons" under USSG § 1B1.13, the court will analyze her circumstances under the medical conditions category, USSG § 1B1.13 comment note 1(A), the family circumstances category, USSG § 1B1.13 comment note 1(C), and the catch-all provision, USSG § 1B1.13 comment note 1(D).

Assuming the policy statements continue to apply to compassionate

release motions brought under the FSA, Rodgers has failed to show that her reasons for release rise to the level of "extraordinary and compelling" circumstances justifying a reduction in sentence.

### 1. Medical Conditions Category, Note 1(A)

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. The Centers for Disease Control & Prevention ("CDC") has identified the following conditions as ones that *do* pose an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), smoking, heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Nov. 2, 2020). The CDC advises that other medical conditions *may* pose an increased risk of severe illness from COVID-19, including, moderate to severe asthma, cystic fibrosis, hypertension or high blood pressure, liver disease, overweight, type 1 diabetes, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Rodgers' medical conditions include Hepatitis C, cardiac arrythmia, and opioid use disorder. Docket 55 at 91; Docket 50. None of Rodgers' medical conditions are among those identified by the CDC as increasing or potentially increasing the risk of severe illness from COVID-19. The records further show Rodgers' medical providers are monitoring her health conditions and conducting tests as

7

needed. Docket 55 at 49, 62, 63, 67, 74, 76, 79-80, 82. Her medical records also reflect minimal clinic visits and prescribed medications, which leads the court to believe that Rodgers is generally healthy. *Id.* at 1, 49, 62, 63, 67, 74, 76, 79-80, 96. Neither is there any indication that her medical conditions prevent Rodgers from providing self-care within the correctional facility.

The court believes Rodgers' medical conditions are appropriately managed at FCI Greenville, the facility is engaged in appropriate efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. Although the court in no way diminishes Rodgers' health concerns, such ailments, coupled with the present conditions at FCI Greenville, do not establish extraordinary and compelling reasons justifying her early release.

### 2. Family Circumstances Category, Note 1(C)

To justify compassionate release under the family circumstances category, USSG § 1B1.13 comment note 1(C), the defendant must demonstrate one of the following: (1) the death or incapacitation of the caregiver of the defendant's minor children or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. Rodgers advises that her son is 37 years old and suffers from cerebral palsy, scoliosis, and vascular necrosis. Docket 50. Rodgers claims her son's conditions have gotten worse; however, there is no evidence in the record that demonstrates his declining health. *Id.*; Docket 61. Even were the court to consider that Rodgers' son may be incapacitated for

purposes of Note (1)(C), the family circumstances category specifically references care needed for *minor* children. *See* USSG § 1B1.13, comment. n.1(C). Though the court is not unsympathetic, given her son's age, Rodgers does not qualify for release under the family circumstances category.

### 3. Catch-all Category, Note 1(D)

The catch-all category in Note 1(D) does not result in a different outcome. The catch-all category allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in 1(A) through 1(C). USSG § 1B1.13, comment. n.1(D). Even considering Rodgers' medical conditions together with her son's debilitating conditions does not convince the court that extraordinary and compelling reasons exist to release Rodgers from custody early.

## III. Sentencing Factors of § 3553(a)

Although the court need not consider the 3553(a) factors since Rodgers' circumstances fail to meet the high bar of "extraordinary and compelling reasons" warranting a sentence reduction, such sentencing factors underscore the point.

Rodgers' conviction stems from a conspiracy to distribute methamphetamine. The amount of methamphetamine attributable to her conduct was between 500 grams and 1.5 kilograms. Docket 43, ¶ 19. Rodgers supplied her daughter with methamphetamine by utilizing the United States Post Office. *Id.* ¶ 18. An estimated ten packages were posted from October 2017 to March 2018. *Id.* Within those shipments, roughly four of the packages

9

contained three ounces of methamphetamine and the remainder contained one to two ounces of methamphetamine. *Id.* The total offense level was calculated as 27, and Rodgers had three scorable history points resulting in a criminal history Category II. *Id.* ¶¶ 34, 42. The advisory guideline range for Rodgers' offense was 78 to 97 months in custody. *Id.* ¶ 72. A mandatory minimum term of 60 months applied by statute. *Id.* ¶ 71. The court sentenced Rodgers below her guideline range to 72 months in custody. Docket 48 at 2. Later, the court reduced Rodgers' sentence by half to 36 months. Docket 54. Rodgers' current sentence is already well below the guideline range.

The court's sentencing decisions were made with care, considering Rodgers' offense, history and characteristics, and all the other applicable sentencing factors. The court concludes Rodgers' sentence of 36 months in custody followed by four years of supervised release continues to be appropriate for the seriousness of the crime to which she pleaded guilty.

## CONCLUSION

Rodgers has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 50) is denied.

Dated December 30, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE